**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAYMOND MAINOR,<br>Petitioner | : | Civil No. 3:18-cv-1542 |
| | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| WARDEN, FCC ALLENWOOD LOW,<br>Respondent | : | |
| | : | |

## MEMORANDUM

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241,

filed by Petitioner, Raymond Mainor, a federal inmate presently confined at the Loretto

Federal Correctional Institution ("FCI-Loretto") in Loretto, Pennsylvania.  (Doc. 1.)  He has

paid the required filing fee in this matter.  Mainor contends the Bureau of Prisons ("BOP")

has unlawfully detained him since July 7, 2008, as the "judgment [in his criminal case] was

never filed with the Clerk of Court nor was it signed by the judge" and thus, is invalid.  (Doc.

*Id.* at 11–12.)  The Government has filed a response to the petition which includes a signed

copy of the judgment in his criminal case which is dated July 1, 2008, and signed by the

Honorable Lawrence F. Stengle, United States District Judge for the Eastern District of

Pennsylvania.  (Doc. 9.)  For the following reasons, the petition will be dismissed for lack of

jurisdiction.

## I.    Background[1]

Following a jury trial in the Eastern District of Pennsylvania, Mainor was sentenced on

April 24, 2008, to an aggregate term of 300 months' imprisonment for Distribution and

Possession with Intent to Distribute Crack Cocaine in violation of 21 U.S.C. § 841(a)(1);

Distribution of and Possession with Intent to Distribute within 1,000 feet of a School, Cocaine

and Crack Cocaine in violation of 21 U.S.C. § 860(a); Possession of a Firearm by a Convicted

Felon in violation of 18 U.S.C. § 922(g); and Use of a Firearm in Furtherance of a Drug

Offense in violation of 18 U.S.C. § 924(c).  The sentencing court also imposed a twenty-year

term of supervised release and ordered he pay $60,000.00 in fines.  (Doc. 9–1 at 10–16.)

On September 3, 2010, the United States Court of Appeals for the Third Circuit affirmed

Mainor's conviction and sentence.  *United States v. Mainor*, 393 F. App'x 10 (3d Cir. 2010)

("[T]he judgment of the United States District Court for the Eastern District of Pennsylvania

dated July 1, 2008 is hereby AFFIRMED.").  The United States Supreme Court denied

certiorari review on January 18, 2011.  *Mainor v. United States,* 562 U.S. 1191 (2011).

On January 9, 2012, Mainor filed a *pro se* motion under 28 U.S.C. § 2255 to vacate,

set aside, or correct his sentence.  The sentencing court denied the motion on April 24, 2014.

*United States v. Mainor*, No. 12 – 85, 2014 WL 1632188 (E.D. Pa. Apr. 24, 2014).  The Third

---

[1] This Court takes judicial notice of Mainor's criminal docket in the United States District Court for the Eastern District of Pennsylvania. *See United States v. Mainor,* Crim No. 06-140-01 (E.D. Pa.) (last visited November 7, 2020), available via the federal judiciary's Public Access to Court Electronic Records (PACER) system at http://www.pacer.gov/.

Circuit Court of Appeals denied issuing Mainor a certificate of appealability on March 18, 2015.

Mainor was committed to BOP custody on July 7, 2008.  (Doc. 1 at 13.)

## II.    Jurisdiction

Under 28 U.S.C. § 2241, a federal court has the authority to entertain a petition for a writ of habeas corpus brought by a petitioner who is within the court's jurisdiction at the time the petition is filed.  *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla,* 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions.'" (quoting 28 U.S.C. § 2241(a)); *see also id.* at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").  Mainor filed the present petition while housed in this district at the Allenwood Low Security Federal Correctional Institution, in Allenwood, Pennsylvania thus his transfer to another district does not impair the court's ability to adjudicate this matter.  *See* Doc. 1; *see also Barden v. Keohane,* 921 F.2d 476, 477 n.1 (3d Cir. 1990) (holding that "in the absence of an application for transfer pursuant to Rule 23(a), jurisdiction is retained and [the originally named respondent] remains the respondent" notwithstanding the transfer of the petition to a different jurisdiction).

3

## III.    Discussion

"[A] federal prisoner's first (and most often only) route for collateral review of his

conviction or sentence is under [28 U.S.C.] § 2255." *Bruce v. Warden Lewisburg USP*, 868

F.3d 170, 178 (3d Cir. 2017).   To this rule, Congress has provided only one exception: a

federal prisoner may resort to § 2241 to contest his conviction if but only if the § 2255 remedial

mechanism is "inadequate or ineffective to test the legality of his detention."   28 U.S.C. §

2255(e).   If a petitioner previously filed a § 2255 motion, he must apply for and receive

permission from the appropriate court of appeals before filing a successive § 2255 motion.

*See* 28 U.S.C. §§ 2244(b)(3) & 2255(h).[2]   The claimed inadequacy or ineffectiveness must

be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording ...

a full hearing and adjudicating of [a] wrongful detention claim." *Okereke v. United States*, 307

F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002)

(per curiam)).   "Section 2255 is not inadequate or ineffective merely because the sentencing

court does not does not grant relief, the one-year statute of limitations has expired, or the

petitioner is unable to meet the stringent gatekeeping requirement s of the amended § 2255."

*Cradle*, 290 F.3d at 538.   Rather, only when a federal prisoner is "in the unusual situation

where an intervening change in statutory interpretation runs the risk that an individual was

convicted of conduct that is not a crime, and that change in the law applies retroactively in

---

[2] A second or successive § 2255 motion must be based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."   28 U.S.C. § 2255(h).

cases on collateral review, he may seek another round of post-conviction review under §

2241." *Bruce*, 868 F.3d at 179 (citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)).

The United States Court of Appeals for the Third Circuit

> permits access to § 2241 when two conditions are satisfied:
> First, a prisoner must assert a "claim of 'actual innocence' on the
> theory that 'he is being detained for conduct that has
> subsequently been rendered non-criminal by an intervening
> Supreme Court decision' and our own precedent construing an
> intervening Supreme Court decision"---in other words, where
> there is a change in statutory caselaw that applied retroactively
> in cases on collateral review. *Tyler*, 732 F.3d at 246 (quoting
> *Dorsainvil*, 119 F.3d at 252). And second, the prisoner must be
> "otherwise barred from challenging the legality of the conviction
> under § 2255." *Id.* Stated differently, the prisoner has "had no
> earlier opportunity to challenge his conviction for a crime that an
> intervening change in substantive law may negate." *Dorsainvil*,
> 119 F.3d at 241.

*Id.* at 180. If a petitioner improperly challenges a federal conviction or sentence under § 2241,

the petition must be dismissed for lack of jurisdiction. *Fraser v. Zenk*, 90 F. App'x 428, 430

(3d Cir. 2004).

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who

is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d

480, 485 (3d Cir. 2001). "In order to challenge the execution of his sentence under § 2241,

[the petitioner] would need to allege that the BOP"s conduct was somehow inconsistent with

a command or recommendation in the sentencing judgment." *Cardona v. Bledsoe*, 681 F.3d

533, 537 (3d Cir. 2012). Here, Mainor challenges the BOP's authority to detain him, not the

execution of his sentence. He claims he is being held "under an invalid judgment" due to

5

alleged technical deficiencies in his judgment and commitment order. (Doc. 1 at 12.) Such a challenge does not concern the execution of his sentence, but rather the basis of this detention and the validity of his conviction and sentence. Therefore, the court does not have subject matter over Mainor's petition. *See Queen v. Martinez*, 273 F. App'x 180 (3d Cir. 2008) (summarily dismissing petitioner's § 2241 claim that "his judgment and commitment order was not executed because 'return portion,' where the United States Marshal states that the defendant was delivered to the Bureau of Prisons, was not filled in."); *see also Anderson v. U. S. Marshals*, No. 1:CV-07-0048, 2007 WL 1227697 at *1 (M.D. Pa. Apr. 25, 2007) (dismissing petitioner's § 2241 claim that his judgment and commitment order were null and void because the "United States Marshals failed to properly execute and return the judgment and commitment order to the district court."); *Gonzalez v. Miner*, No. 1:06-CV-1551, 2006 WL 2405209 (M.D. Pa. Aug. 18, 2006) (summary dismissal of § 2241 petition based on defective judgment and commitment order). Were Mainor to prevail on his claim and receive his release from the BOP, the granting of such relief would essentially nullify the sentencing court's imposition of 300 months' incarceration and not just change the duration or execution of Petitioner's sentence. Thus, Petitioner must raise his challenge via a successive § 2255 petition. The fact that Mainor already unsuccessfully filed such a motion does not make § 2255 relief unavailable or ineffective. Mainor must first seek permission from the Third Circuit Court of Appeals prior to filing a successive § 2255 petition. Given the basis of Mainor's claim, there is no doubt that he does not challenge the implementation of his sentence, but

6

the validity and legality of his judgment and commitment order.  Thus, his petition will be dismissed.

Alternatively, even if the Court were to treat Mainor's claim as properly presented in a § 2241 petition, his claim that his judgment and commitment order was not signed by the sentencing judge and docketed by the clerk "as required by Rule 32 of the Fed. R. Cim.P." is contradicted by his criminal docket and record.  Doc. 1 at 8, 14; *see* Doc. 9–1 at 10.  Although Mainor disputes the genuineness of the Judgment in a Criminal Sentence submitted by Respondent, the Court notes that the documents proffered by Respondent are the same as found in Mainor's criminal document.  *See United States v. Mainor,* Crim No. 06-140-01 (E.D. Pa.), Doc. 161, Judgement in a Criminal Case, dated July 1, 2008.

Based on the above, the court will deny Mainor's motion for release (Doc. 15) and dismiss without prejudice his motion to supplement (Doc. 16) seeking to add a challenge to his placement in the Special Housing Unit.  An appropriate order will follow.

Robert D. Mariani
United States District Judge

Dated: November ___, 2020

7